## SMITH *v.* FRIEND.

PLAINTIFF had two stacks of hay, and contracted to sell to defendant one stack, together with enough off of the other stack to make sixty tons. The price was to be eighteen dollars per ton; and the hay was to be baled by plaintiff, and piled up in a corral, and then he was to be paid. Plaintiff had sixty-two tons and four hundred and thirty pounds of hay baled, and piled up in the corral, the surplus over sixty tons being by mistake of the man employed to bale. The bales were of different weight. Plaintiff then went to the house of defendant, and told him that the hay was baled and piled up in the corral, and that there were two tons and some hundreds of pounds over the sixty bales piled up together, and asked defendant whether he would take the surplus. Defendant said he would be over soon, and see about taking the surplus. Defendant then paid plaintiff two hundred dollars. Plaintiff sues for nine hundred and nineteen dollars balance due on the hay. The Court instructed the jury that if they believed from the evidence that it was the understanding of the parties, upon the payment of the two hundred dollars by defendant, the right and possession was deemed to have accrued to defendant to take the quantity bought as baled and stacked up in the corral, the plaintiff is entitled to recover, even though the bargain was not concluded as to the excess. *Held*, that the instruction was right; that the question was, whether there had been a delivery, and any agreement of the parties upon the subject was legitimate matter for the jury; that the fact that the hay purchased by defendant was mixed with other hay belonging to plaintiff, made no difference, if defendant agreed to accept it in that condition, and to consider it as delivered—the contract for delivery would be fully executed.

On the above facts, defendant asked the Court to instruct the jury that "if plaintiff sold to defendant sixty tons out of sixty-two tons and four hundred and thirty pounds of hay, the same being in bales of different and unequal weights, and containing different quantities, and all being in the same pile, there was no delivery without division had." The instruction was refused. *Held*, that the refusal was not error, because it assumed that there could not have been a delivery, whatever may have been the understanding of the parties, until the exact quantity contracted for was segregated and set apart for the defendant.

APPEAL from the Tenth District.

Suit for nine hundred and nineteen dollars and eighty-seven cents, balance due for hay " sold and delivered by plaintiff to defendant." The answer was, 1st, a general denial, and 2d, averments that defendant contracted with plaintiff " for the purchase of a certain quantity of hay, to be delivered upon demand," and that defendant afterwards " advanced to plaintiff two hundred dollars as prepayment in part for said hay to be thereafter delivered," etc.; that demand had been made for such delivery, and refused.

Smith v. Friend.

The hay was burned up a few days after the payment of the two hundred dollars, as stated in the syllabus, which see.

The jury found for plaintiff one thousand and eighty dollars, and costs; judgment accordingly.    Defendant appeals.

*P. L. Edwards,* for Appellant.

I.    The agreement was not completed in any sense of the law, so as to pass the property.    There was no actual delivery or acceptance of the whole or any part of the hay.    (Wood's Dig. 106, art. 401; Chitty on Cont. 338 and notes; 1 Parsons on Cont. 440–1; 2 Id. 321 and note *c;* Id. 324; Id. 332–4; Id. 335–6 and notes.)

A delivery without an acceptance is insufficient.    *(Hunt* v. *Hecht,* 20 E. L. and E. Rep. 524.)    The acceptance of the vendee must not only be actual but unequivocal.    (Chitty on Cont. 345, 347–8.)    Where anything remains to be done by the vendor, whether in order to ascertain the value, quantity, or quality of the goods, the delivery is not complete; and in this case there is no sufficient evidence that the hay was weighed, or of any other of the essential facts.    *(Shepley* v. *Davis et al.,* 1 Eng. Com. L. R. 317; *Bush* v. *Davis,* Id. 319; *McDonald* v. *Hewett,* 15 Johns. 349; *Outwaler* v. *Dodge and Greene,* 7 Cow. 85; *Rapelye* v. *Mackie,* 6 Id. 250; *Ward* v. *Shaw,* 7 Wend. 404.)    At the time of the payment of the two hundred dollars, it is not satisfactorily shown that the hay had even been baled.

II.    The Court below erred in giving the instruction prayed by the respondent, and in refusing that prayed by the appellant.

1. There was no evidence in the case from which the jury could rightfully infer that there was any understanding between the parties, that upon the payment of the two hundred dollars to the respondent, the right to or possession of the sixty tons of hay accrued to the appellant.    The charge was not only hypothetical, but wholly without the evidence.

It is admitted that the question of delivery and acceptance is mixed of law and fact, and is generally to be found by the jury, under the instructions of the Court; but here the Court, without instructing the jury as to what facts constitute a delivery and acceptance, stated a hypothesis outside of the evidence, and submitted the whole case, hypothesis and all, to the determination of the jury.    He required the jury to find not only the facts, but also the law, which it was his own duty to declare.

2. The instruction.denied to the appellant ought to have been given. There was no evidence of any agreement, at any time, to accept the hay in any other than a baled, weighed, and segregated bulk, and until in such bulk, it could not become the property of the appellant. The instruction is couched in almost the same words as those which announce the rule in Chitty on Cont. 338, and other authorities cited by us.

*R. S. Mesick,* for Respondent.

1. The verdict of the jury will not be set aside if there was any evidence to support it. (*Burnett* v. *Whitesides et als.,* 13 Cal.) 2. There was evidence of an accepted delivery of the hay, and understanding between the parties when the payment was made, that the property was by them deemed to be delivered, and that was sufficient. (Story on Sales, secs. 298 and 298 *a ;* 20 Pick. 283.) 3. The act of baling and placing the hay in the corral, as per contract, for defendant, as it progressed, was a delivery *pro tanto,* and so the jury had a right to consider it. (Story on Sales, sec. 299; *Bates* v. *Conklin,* 10 Wend. 391.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

We think the judgment should be affirmed. The case seems to have been fairly submitted to the jury upon the facts, and we see no such error in their verdict as would justify us in setting it aside upon the ground that it is not sustained by the evidence. The Court did not err in giving the instruction asked by the plaintiff. If the jury believed from the evidence that by the understanding of the parties the possession of the hay was deemed to have accrued to the defendant upon the payment of two hundred dollars, it being proved that such payment had been made, the plaintiff was certainly entitled to a verdict. The question was, whether there had been a delivery, and any agreement of the parties upon the subject was a legitimate matter of inquiry and investigation. The fact that the hay purchased by the defendant was mixed with other hay belonging to the plaintiff, made no difference. If he agreed to accept it in that condition, and there was any understanding that it should be considered as delivered, the contract for its delivery must be regarded as executed. It is claimed that this instruction was entirely hypothetical, and that there was no evidence whatever to authorize it. We do not think so. The quantity of hay originally

contracted for was sixty tons. ( It was then in stacks, and the plaintiff was to bale it and deliver it to the defendant, by placing it in a certain corral. ) In performing this part of the contract, the plaintiff baled and placed in the corral something over two tons more than the quantity contracted for.   The defendant being informed of the facts, paid to the plaintiff two hundred dollars of the price, and entered into some negotiations for the purchase of the excess, which purchase was not, however, finally consummated.   Under these circumstances, we think it was properly left to the jury to determine whether the parties did not consider the delivery complete, and that the property in the hay had passed to and vested in the defendant.

The instruction asked by defendant was properly refused.   It assumed that there could not have been a delivery, whatever may have been the understanding of the parties, until the exact quantity contracted for was segregated and set apart to the defendant.

Judgment affirmed.