## EDMUND HARRIS, et al., v. R. D. McCROSSEN.

FORECLOSURE— *Taxes Paid by Mortgagee, Order of Sale for.* A party foreclosing a mortgage may allege in his petition the amount of taxes due and unpaid on the mortgaged premises. He thereupon is entitled in the decree to a finding of such amount, which is conclusive as between him and the mortgagor; also to an order declaring them a first lien, and that if they be not paid within the time the mortgaged debt is to be paid, an order of sale shall issue. If by mistake this last order is omitted, the decree may be thereafter corrected by inserting it. If after such a decree the mortgagee pays the taxes, he may have an order of sale for their repayment, and this notwithstanding the original mortgage debt has been paid.

*Error from Wyandotte District Court.*

THE opinion states the nature of the action, and the facts. At the July Term, 1883, plaintiff *McCrossen* had judgment against defendants *Harris* and another, who bring it here for review.

*Nathan Cree*, for plaintiffs in error.

*D. B. Hadley*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: On May 20, 1882, defendant in error brought an action in the district court of Wyandotte county, to foreclose a certain mortgage. In his petition he alleged, in addition to the mortgage debt, certain tax liens existing in favor of the county. A demurrer to the petition having been overruled, and no answer being filed, on January 3, 1883, a judgment of foreclosure was entered. In the journal entry, it appears that the court found the amount of taxes due upon the mortgaged premises, and declared the same a first lien; found the amount due to the plaintiff upon his note; then rendered judgment in favor of the plaintiff for the amount due on the note; ordered a sale of the property if the amount due the plaintiff should not be paid within six months, and directed that out of the proceeds the costs be first paid, then the taxes, and then the plaintiff's judgment. The amount of taxes was largely in excess of the amount due the plaintiff on his mortgage. The sale for the first of such taxes had been made to the county more than three years prior to the date of the judgment, and of course the tax lien was liable to pass into a tax deed at any moment. The judgment failed to order a sale on the non-payment of the taxes, but directed one only on the non-payment of the amount found due the plaintiff. The former order was spoken of in conversation between the plaintiff's attorney and the clerk of the court, but forgotten by the latter in making the entry. At the time of obtaining the judgment, plaintiff, by his coun-

sel, agreed to go before the county commissioners and obtain if possible a compromise of the taxes. He did do so, obtained such compromise, and paid the taxes. After this, and before the expiration of the six months, the defendant paid into the hands of the clerk of the court the amount adjudged due the plaintiff on his mortgage, together with the costs of the case. Thereafter, the plaintiff having paid the taxes, amounting to several hundred dollars as heretofore stated, and finding that the judgment did not direct a sale upon the failure to pay the taxes, filed a motion to have the judgment entry corrected by adding such an order. Such proceedings were had thereon, that the court directed the return to the defendant of the amount of money deposited with the clerk in payment of the mortgage, and also directed an amendment of the journal entry of the judgment, so as to make the order of sale read as follows: "It is further considered and adjudged, that in case the said defendant fail for six months from this date to pay the said plaintiff the said sum of $339.40, as aforesaid found due, with interest from December 4, 1882, at 12 per cent. per annum, with costs of suit, or fail for six months from January 3, 1883, to pay the plaintiff what he may hereafter pay to discharge said taxes, with interest at 12 per cent. per annum from date of payment, a special execution issue to the sheriff," etc.

Of this amendment defendants now complain. The principal ground of complaint is, that the judgment as amended does not purport to be a final determination of the rights of the parties, as under our code a judgment must be, but rather in the nature of an interlocutory order, leaving to the clerk or sheriff the power of determining thereafter for what amount an order of sale shall issue. Technically, we think the defendants' claim is correct, and that the judgment is not in form that which it should be. But under the facts as developed it is apparent that substantial justice has been done, and therefore we ought not on a mere matter of form to disturb the judgment. The plaintiff has compromised and paid all the taxes, and the amount he paid was disclosed on

the motion to amend; hence for that he is entitled to an order of sale as well as for his mortgage debt. The truth is, the statute contemplates the foreclosure of tax liens at the same time that the mortgage is foreclosed. The state is assumed to be a party; for, without being made a nominal party, and though no reference is made in the pleadings to the matter of taxes, the court is required to direct on every judicial sale the payment of the taxes out of the proceeds. (Comp. Laws 1879, p. 948, § 56.)

Hence, in all foreclosure actions tax liens may be determined the same as the claims of any mortgagee. The court in this judgment as originally entered found the amount of taxes due and declared them a first lien. It was proper, then, to enter an order that if the taxes and the mortgage debt were not paid within six months an order of sale should issue; and if thereafter the plaintiff paid those taxes it was the same as though he had purchased a prior mortgage lien included in the foreclosure. Failing to enter such order in the first instance, and under the circumstances of this case, it was simply equitable to correct the judgment entry by inserting it. While the form of the judgment entry as finally made is doubtless open to the criticism of counsel, substantial justice is done by it, and we ought not to interfere.

The judgment will be affirmed.

All the Justices concurring.