THOMAS TOOHEY v. CHARLES H. PLUMMER.

*Sale—Completion by delivery.*

In this case the Court held there was testimony enough to go to the jury of a completed sale, to whom it should have been submitted.

Error to Bay.　(Green, J.)　Argued April 21, 1887. Decided April 28, 1887.

Assumpsit.　Plaintiff brings error.　Reversed.　The facts are stated in the opinion.

*A. McDonell,* for appellant.

*T. A. E. & J. C. Weadock,* for defendant.

CAMPBELL, C. J.　Toohey sued Plummer for the price of certain logs, which it is agreed on both sides were bargained for to be delivered on the skidways, and which were burned before removal.　The only important question in the case was whether the sale had been so far completed as to pass the title.　The court below took the case from the jury, and held there had been no sale.

The only question for us to decide is whether the case should have gone to the jury on that point.　There is some conflict of testimony, but we must determine the matter here by seeing if there was any testimony.

The lumber had been got out by a firm of McKnight & Cardy.　There was testimony for plaintiff tending to show that they dissolved in the summer of 1884, and that McKnight had succeeded to Cardy's interest, and sold the logs to Toohey.　There is some testimony tending to show that Cardy claimed some further interest.　There is also testimony that Cardy acquiesced in the sale to Plummer, and

proposed to get his pay by following the purchase money.

The case, as made by plaintiff, which, for the purposes of this hearing, must be considered as at least an admissible theory, is this: Plaintiff agreed with Plummer to sell the logs on the skids, and that they should be scaled there, and they agreed on Cardy as the scaler. It was agreed, at Plummer's request, that Mr. French should be allowed to go up and scale them with Cardy. The scale was made, and agreed on as French figured it. Plummer was by the bargain to give paper, with his indorsement, unless he paid cash. Plaintiff was sick, and did not go up, but went to Mt. Clemens. The logs were scaled May 7, 1885. Between that and May 12, Plummer bargained the logs to Burnham & Steele, of Saginaw, who were to have them as delivered on the cars. During that interval McKnight, on plaintiff's behalf, applied to Plummer for pay, and Plummer required him to procure written authority. By the time this was obtained, the logs burned, and Plummer refused to pay.

There was some testimony for the defense which tended to make out a defense.

In our opinion, there was testimony enough to go to the jury of a completed sale. While the lumber had to be scaled to ascertain the amount, nevertheless, as soon as it was ascertained, it was at least competent in law to regard the bargain closed, if the parties so understood it. The scale adopted was that of the scaler agreed upon, and who was actually chosen by Plummer. Plummer made a bargain, which perhaps did not pass title for lack of shipment, but for which he received negotiable paper on some terms. As the sale to Plummer was verbal, it could only be complete on an accepted delivery; but there was such a sufficient delivery if it was so understood. If the logs had not burned, Plummer could not have claimed them without some such understanding. There was, we think, testimony that he acted as if he did so understand it. The paper could not be made out until after the

65 MICH.—44.

scaling, and it could not be obtained until Plummer could reach parties who would give it. It was competent for the jury to find that what he did afterwards was on the theory that he had bought the logs, and we think the jury should have had liberty to determine which theory of the facts was true. The plaintiff could not have been bound to Plummer unless Plummer was bound to him, and the jury might, on the testimony, have found that Plummer had secured his bargain.

The judgment should be reversed, with costs, and a new trial granted.

The other Justices concurred.