ALBERT W. LOBDELL ET AL. v. THOMAS G. HORTON.

*Sale—Passing of title—Submission to jury.*

Whether the title to personal property passes or not, where something remains to be done before the exact amount to be paid therefor can be arrived at, depends upon the intention of the parties, and is a proper question for a jury.

. Error to Mecosta. (Fuller, J.) Argued June 21, 1888. Decided October 19, 1888.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*L. G. Palmer* and *N. W. Bush,* for appellants.

*Frank Dumon,* for defendant.

CHAMPLIN, J. Plaintiffs brought *assumpsit* to recover on an account for goods sold and delivered.

The declaration was upon the common counts. The defendant pleaded the general issue, with notice of set-off.

On the trial defendant admitted the correctness of plaintiffs' claim, subject, however, to be reduced by such set-off as he should be able to prove.

The main contention was over a quantity of hemlock logs, which defendant claimed to have sold and delivered to plaintiffs, and for which the plaintiffs were to pay him $2.75 for each thousand feet, as soon as they were sawed, according to the mill tally.

The plaintiffs, on the contrary, claimed that the transaction was not an absolute sale, but was intended as a security for an indebtedness which defendant owed to them.

The testimony in support of the theory of each party was properly submitted to the jury by the court, and they found in accordance with the defendant's theory.

Plaintiffs' claim that, because the logs were not to be paid for until the lumber was sawed and tallied, so as to ascertain the quantity, the title did not pass.

The pith of the question lies in the fact that before the logs were sawed they were mostly destroyed by fire.

We have often decided that whether the title passed or not, where something remained to be done before the exact amount to be paid could be arrived at, depended upon the intention of the parties, and was a proper question of fact to be determined by a jury. Upon this point the charge was explicit, and we see no occasion for disturbing the verdict.

The judgment of the circuit court must be affirmed.

The other Justices concurred.