[No. 5371.]
[No. 3020 C. A.]

Prowers v. Nowles et al.

1.  **Pleading—Conclusions of Law—Motion to Strike.**

In an action to recover money advanced by purchasers under a contract of sale, allegations in defendant's amended answer to the effect that the title to the property sold passed to the purchasers on the date of the contract, were properly stricken out on motion, since such averments were mere conclusions of law.—P. 446.

2.  **Sales—Executory Contract or Completed Sale—Construction —Intention of Parties.**

The question of whether a contract of sale is an executory contract or a completed sale is one of intention, and the intention of the parties to the contract must govern.—P. 446.

3.  **Intent—Rules of Construction.**

In cases of ambiguity or doubt as to whether the transaction represents an executed or an executory contract only—whether title did or did not pass—certain rules of construction are invoked to aid the court in determining this intent, as a question of law, or to aid the jury, under proper instructions, in determining the same, as a question of fact.—P. 447.

4.  **Sales —"Executory Contract" — "Completed Sale"— Intention —Question of Fact—Evidence—Words and Phrases.**

A contract for the sale of certain ricks of hay provided that the vendor should "bale and weigh the hay"; that it should be "sound, sweet, and of good color; clean, merchantable," "equal in all respects to the sample" upon which the purchase was made; that it should be delivered on board the cars at a specified station; and that payment should be made for each car when loaded. The contract further provided that first party "has sold" ·

to second party five ricks, etc.; that the hay was to be delivered on dates before a date certain, "at the option" of the second party; and that "second party shall advance $200 on this contract, receipt of which is hereby acknowledged." Held, that while the provisions first mentioned, if unqualified, bring the contract within the general rule that where anything remains to be done in order to ascertain and identify the subject of the sale, or that is necessary to put the property into suitable condition for acceptance by the purchaser, the transaction represents an "executory contract" only; yet, in an action on such contract by the vendee, after a fire had destroyed a portion of the hay, for the return of an advanced payment made at the time of entering into the contract, an allegation in the answer that on the date of the transaction "said hay was delivered to the plaintiff in the stack where the same stood," taken in connection with the provisions of the contract last mentioned, tend strongly, notwithstanding the general rule, to show a present sale passing title to the vendee; and evidence touching the intent of the parties in this regard should have been received by the court, since under the circumstances the determination of whether the title passed to the purchaser becomes a question of fact and not of law.—P. 447.

*Appeal from the District Court of Bent County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by David B. Nowles and Thomas J. Saylor, doing business under the firm name and style of The Lamar Seed Company, against John W. Prowers. From a judgment for plaintiffs, defendant appeals.                    *Reversed and remanded.*

Mr. O. G. Hess and Mr. H. L. Lubers, for appellant.

Mr. Granby Hillyer, for appellees.

On the 14th of December, 1901, appellant, who was defendant below, and appellees, who were plaintiffs below, entered into the following contract:

"This agreement entered into this day between John Prowers, of Cadoa, Bent county, Colorado,

party of the first part, and D. B. Nowles, represent-
ing The Lamar Seed Company, of Lamar, Colorado,
party of the second part, witness as follows, to wit:
That the said first party has sold to the said second
party five ricks of upland prairie hay containing
about ninety tons, at $9.00 per ton, to be baled,
weighed and delivered on board cars at Cadoa sta-
tion, any time between this date and June 1st, 1902,
at the option of the said second party; provided, how-
ever, that said orders by said second party shall
be in not less than full car-load lots. The said hay
shall be sound, sweet and of good color and equal
in all respects to the samples of said hay submitted
by the said first party, and upon the basis of which
this purchase was made, said samples being tagged,
marked and preserved as true specimens of said
hay.

"In baling said hay, care shall be taken that
nothing but bright, clean, merchantable hay shall be
baled. The said first party using in said baling
three wires in each bale.

"It is agreed that each car, when loaded, shall
be settled for in full, by the said second party, at the
prices above stated. It is further agreed that the
said second party shall advance on this contract
$200.00, receipt of which is hereby acknowledged.
In witness whereof we have hereunto subscribed our
names."

The hay referred to in said contract was left
with appellant. On the 20th of March, 1902, some
thirty tons of the same were, without fault of appel-
lant, destroyed by fire. Subsequently and before the
remainder of the hay was baled and delivered at Ca-
doa station, but after request had been made by ap-
pellees therefor, it was also destroyed—by flood and
high water from the Arkansas river.

In the latter part of December, 1902, this action was begun by appellees to recover from appellant the sum of $200.00 advanced upon said contract at the date of its execution, together with interest thereon. Appellant's amended answer, after admitting the execution of the contract, first set forth allegations constituting conclusions of law to the effect that title passed to appellees on the date of the contract. The second paragraph of said answer reads, *inter alia*, as follows:

"But he states the facts to be that the said hay was delivered to the said plaintiffs in the stack at the place where the same stood in Bent county in this state on the day aforesaid, to wit: December 14th, 1901, at the time the same was sold to the plaintiffs as aforesaid."

The third paragraph of the answer admits a request on May 22nd by appellees for the baling of the hay and placing the same on the cars at Cadoa station; it then recites the foregoing facts touching the destruction of the hay; and, finally asserts a demand for $610.00, the same being the balance, after deducting the $200.00 advanced, of the purchase price agreed to be paid by appellees for the hay.

By replication the counter-claim in this answer was put in issue.

On motion all of the first paragraph of the answer, save the admission as to the making of the contract, was stricken out. And thereupon a motion by appellees for judgment on the pleadings was sustained; such judgment being entered for $200.00 with interest at the rate of 8 per cent. per annum from the date of the contract; also, for $15.00 with interest under the second cause of action.

To reverse this judgment the present appeal was taken.

Mr. Justice Helm delivered the opinion of the court:

The trial court did not err in sustaining the motion to strike out part of the first paragraph of the amended answer filed in this case. The averments stricken out were obviously mere conclusions of law and had no proper place in the pleading.

No issue was made by this answer touching the purchase of wire by appellees for appellant, the same together with the value thereof, being admitted; nor did the answer deny a request by appellees, within the time specified in the contract, to bale the hay and turn over the same at Cadoa station. Hence there were no issues touching these matters and no error was committed in the rulings upon them.

The vital question in the case relates to ownership of the hay under the contract. If this contract was merely executory and the title, therefore, remained in appellant—the vendor—he must suffer the loss occasioned by the fire and flood; and in that event, appellees should recover the sum advanced at the time the contract was made. But if, on the other hand, the contract constituted a completed sale and the title immediately passed to appellees — the vendees—then they must suffer this loss and appellant's counter-claim or demand for the balance of the purchase money should be sustained.

Upon few subjects have so many opinions been written as upon the character of such contracts—whether executory or completed sales—and the tests for determining when the title does or does not pass thereunder. It is uniformly conceded that this question is one of intention and that the intention of the parties to the contract must govern. But in arriving at such intention it often happens that serious difficulties are encountered.

Conspicuous among these difficulties is that of ascertaining when the construction of the contract in this regard ceases to be a question of law for the court and becomes one of fact for the jury. That is (1st) when the court is justified in rendering judgment on the pleadings, or in taking this question of intent from the jury by an instruction; or (2d) when the matter of intent must, by a suitable charge, be submitted to the jury for decision.

The present case is an excellent illustration of this difficulty. The record presents strong *indicia* to support either view under the contract involved.

The duties of the vendor subsequently to "bale and weigh the hay"; to furnish hay "sound; sweet and of good color," "clean, merchantable hay," hay "equal in all respects to the samples" upon which the purchase was made; to deliver the hay on board the cars at Cadoa station, receiving payment therefor in cash on the dates of delivery—he retaining control thereof for such purposes; these provisions tend to give the instrument the character of an executory contract, leaving title in Prowers, the vendor.

Such features of the contract, unqualified, bring it within the general rule: that where anything remains to be done to ascertain and identify the subject of sale, or that is necessary to put the property into suitable condition for acceptance by the purchaser, the transaction represents an executory contract only. And if they were to be considered alone, the action of the trial court should be sustained in determining the question as a matter of law and rendering judgment on the pleadings.

But, on the other hand, the contract also declares that "first party *has sold* to second party five ricks," etc.; that the hay is to be delivered on dates before June 1st, 1902, "at the option" of second

party; that "second party shall advance $200.00 on this contract, receipt of which is hereby acknowledged." These declarations, when coupled with the allegation of the answer that, on the date of the transaction, "said hay was delivered to the plaintiffs in the stack at the place where the same stood," tend strongly, notwithstanding said rule of construction, to show a present sale passing title to the vendees.

As we view the case, however, it is not now necessary for us to determine which of the foregoing conclusions should be adopted; nor would it be proper for us to do so. And we are of opinion that the trial court should not have assumed this responsibility in the premises.

True it is, that in cases of ambiguity or doubt on this subject, the rule of construction above alluded to and others are invoked as a guide to assist the court on the one hand in determining the intent as a question of law, or to aid the jury under proper instructions on the other hand in determining such intent as a matter of fact. The remainder of these rules are familiar and need not be here stated.—See Elgee Cotton Cases, 22 Wallace 160, and Benjamin on Sales (7th ed.), 293 *et seq.*

But under all the circumstances and especially in view of the allegation in the amended answer that an *actual delivery* of the hay to appellees took place at the time the contract was made, we think that this is one of the cases where evidence touching the intent of the parties should have been received. That is to say, it was impossible, upon the present state of the record, for the trial court, even with the aid of those rules of interpretation, to safely determine this question as a matter of law. Opportunity should have been given appellant to offer evidence showing a present delivery of the hay, and other proper proofs

upon this matter of intent; appellees also producing such appropriate testimony on the subject as they might desire to offer. Such evidence would, of course, not be admissible for the purpose of changing or modifying the terms of the contract. Its sole function would be to bring before the court or jury such collateral facts and circumstances as would reveal the true intention of the parties either to retain, for the time being, title to the hay in the vendor, or to at once pass such title to the vendee.

Supporting the view that, in the present cause, the question of such intention should, proper evidence being received, be determined by the court as a matter of fact, or submitted to the jury under suitable instructions, if a jury be called, see the following authorities: *McClung v. Kelley*, 21 Iowa 511; *Caywood v. Timmons*, 31 Kan. 402; *Hatch v. Oil Co.*, 100 U. S. 124; *Dyer v. Libby*, 61 Me. 47; *Graff v. Fitch*, 43 Ill. 373; 1 Parsons on Contracts (6th ed.), 528; *Blackwood v. Cutting Packing Co.*, 76 Cal. 212; *Cornell v. Clark*, 104 N. Y. 451.

For the reasons above given, the judgment will be reversed and the cause remanded.    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.