[Civ. No. 948.   First Appellate District.—February 24, 1912.]

FRANK A. FIDDYMENT, Respondent, v. M. JOHNSON
et al., Appellants.

SALE OF BALED HAY IN BARNS—PRICE PER TON—PART PAYMENT—TITLE
PASSED—LOSS BY FLOOD—RISK OF BUYER.—A sale of all the baled
hay in two barns of the plaintiff to the defendants at a fixed price
per ton, which were separated from all other hay in the barns, and
which were exhibited and fully identified, and upon which defendants
paid $400, and was to pay the residue of the price per ton in in-
stallments upon delivery from time to time, passed a present title
to the defendants to all of the baled hay; and where, without the
fault of the seller, after delivery and payment for a number of in-
stallments, the undelivered bales were damaged as the result of a
flood, such bales were at the risk of the buyer, and the loss must
fall upon him.

ID.—CODE PROVISION AS TO PASSAGE OF TITLE TO BUYER.—Under sec-
tion 1140 of the Civil Code "The title to personal property sold or
exchanged passes to the buyer whenever the parties agree upon a
present transfer, and the thing itself is identified, whether it is
separated from other things or not."

ID.—AGREEMENT UPON PRESENT TRANSFER—QUESTION OF FACT.—From
the evidence presented to the court, it was a question of fact for the
court to determine as to whether or not the parties had agreed upon
a present transfer.  Where the intention of the parties is not clear,
but must be determined from the facts and circumstances of the
case, it is a question of fact for the jury or the trial judge.

ID.—WEIGHING AND MEASURING TO ASCERTAIN FINAL PRICE—DELIVERY
AT POINT OF SHIPMENT.—If the goods sold are identified, and the
parties agree upon a present transfer, it does not matter that weigh-
ing or measuring is necessary to ascertain the price to be finally
paid; neither is the fact that the seller has agreed to haul and de-
liver the goods at some point of shipment necessarily controlling.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.   Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

James P. Sweeney, for Appellants.

Meredith, Landis & Johnson, James D. Meredith, and J. B. Landis, for Respondent.

HALL, J.—This is an appeal from a judgment and order denying defendants' motion for a new trial.

On or about the fifteenth day of January, 1907, plaintiff sold or agreed to sell to defendants all the baled hay belonging to plaintiff situated in two certain barns, at an agreed price per ton. At the time of the agreement $400 was paid on the purchase, and thereafter, from time to time, as appellants sent their schooners for the hay, portions were delivered and subsequently paid for.

On the twenty-third day of March, however, a flood occurred, which ruined and damaged the balance of the hay as it remained in the barns, and the purchasers refusing to pay therefor, this action was brought to recover the balance as upon a completed sale of hay.

The theory of plaintiff was and is that by the contract entered into the title to the hay passed to the purchasers, and that its subsequent loss before actual delivery and removal, occurring without the fault of the plaintiff, must be borne by the purchasers.

The principal and really only point to be determined upon this appeal is as to whether or not the evidence supports the finding that title to the hay passed from the seller to the buyers at the making of the contract.

It is true that appellants in their brief raise the question as to the authority of Webber to make any contract for purchase other than one of delivery f. o. b. at the river bank or landing. But all discussion as to the agency of Webber in whatever contract he did make is foreclosed by the stipulation entered into by the appellants at the trial. It was stipulated by appellants that in the negotiations between Mr. Webber and Mr. Fiddyment in the transaction of the sale of the hay from Fiddyment to appellants, Mr. Webber was the agent of appellants. This was a full and complete stipulation that Webber was the agent of appellants in the transaction involved in this suit, and it is now too late to urge that appellants were not bound by his contract because, forsooth, he might have violated his instructions as to the terms upon which he might make purchases.

Returning, now, to the only real question involved in the appeal, does the record show sufficient to support a finding of a present sale, or transfer of title at the time of making the agreement? We think it clearly does.

"The title to personal property sold or exchanged passes to the buyer whenever the parties agree upon a present transfer, and the thing itself is identified, whether it is separated from other things or not." (Civ. Code, sec. 1140.)

The hay in this case, as the evidence abundantly shows, was fully identified. It was all the baled hay belonging to plaintiff contained in two certain barns, a smaller and a larger barn. The smaller barn contained only baled hay, all belonging to plaintiff. The larger barn contained, besides the baled hay, some loose unbaled hay belonging to him, and some baled barley hay belonging to one Chambers. The baled hay of plaintiff in the larger barn consisted of a small portion of barley hay and alfalfa hay. The barn was divided into separate compartments. In one was baled hay belonging to Mr. Chambers; in another was baled hay, barley and alfalfa, belonging to plaintiff, and in another baled alfalfa belonging to plaintiff, and on top of this baled barley hay belonging to Mr. Chambers. There was no other baled hay in the barn. The sale was of all of plaintiff's baled hay. It was all examined and identified by Mr. Webber, who also was shown and examined the Chambers hay with a view to purchasing it, which he subsequently did. Nothing remained to be done to identify any of the hay sold. It was ready for delivery whenever it should be called for. The evidence as to what occurred at the transaction shows that Mr. Webber examined the hay, and finally agreed to buy all of plaintiff's baled hay in the two barns at a stipulated price per ton. Plaintiff then consented, at Webber's request, that the hay might remain in the barns until June 1st, to be delivered as the purchasers might send their schooners for it from time to time. After that had been agreed upon Webber asked plaintiff if he would get the hay to the river when the purchasers sent their schooners for it, and plaintiff agreed to do so. The smaller barn was situated on the river bank, but the larger barn was some 200 yards away, and the hay had to be hauled from the larger barn to the river bank. The entire contract was in parol. No time of

payment seems to have been stated, but $400 was paid as a deposit, and other payments made from time to time as deliveries were made.

Webber was called as a witness, and remembered buying some hay from plaintiff in January, 1907, but did not remember anything of the details.

From the evidence presented to the court it was a question for the court to determine as to whether or not the parties had agreed upon a present transfer. Where the intention of the parties is not clear, but must be determined from the facts and circumstances of the case, it is a question of fact for the jury or trial judge. (35 Cyc. 278; *Prowers* v. *Nowles,* 42 Colo. 442, [94 Pac. 347]; *Lobdell* v. *Horton,* 71 Mich. 681, [40 N. W. 28]; *Sherwood* v. *Walker,* 66 Mich. 568, [33 N. W. 919]; *Toohey* v. *Plummer,* 65 Mich. 688, [32 N. W. 897]; *Fuller* v. *Bean,* 34 N. H. 290; *Dyer* v. *Libby,* 61 Me. 45; *Smith* v. *Friend,* 15 Cal. 124.)

If the goods are identified and the parties agree upon a present transfer, it does not matter that weighing or measuring is necessary to ascertain the price to be finally paid. (*Blackwood* v. *Cutting Packing Co.,* 76 Cal. 212, [9 Am. St. Rep. 199, 18 Pac. 249]; *Lassing* v. *James,* 107 Cal. 348, [40 Pac. 534].)

Neither is the fact that the seller has to deliver at some point of shipment necessarily controlling. In *Dyer* v. *Libby,* 61 Me. 45, the seller was to haul and deliver at a specified point, and it was held not controlling. In *Bill* v. *Fuller,* 146 Cal. 50, [79 Pac. 592], the seller was to deliver oranges, then on the tree, at the railroad station when wanted by the purchaser. The oranges sold were all that were grown by the seller except the St. Michaels. The court, speaking through Mr. Justice Shaw, in concluding its opinion said: "Nor do we wish to be understood as holding that the title to the crop did not pass as soon as the contract was executed. The agreement in form imports a present sale; the thing sold was in existence and was identified and separated from other things. Under section 1141 [1140?] of the Civil Code, it would seem that title passed at once, and that the oranges remained on the tree at the risk of the buyer." (See, also, *Greenbaum* v. *Martinez,* 86 Cal. 459, [25 Pac. 12].)

In the case at bar the subject matter of the sale was perfectly identified, and the evidence was such as to justify the conclusion of the court that the parties had agreed upon a present transfer. The evidence therefore supports the finding that title passed to the purchaser at the execution of the contract, and the judgment and order should be affirmed. It is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.