[Sac. No. 3914. In Bank.—January 27, 1928.]

CROCKER–HUFFMAN LAND AND WATER CO. (a Corporation), Respondent, v. HAARER ELDEN GOSS, etc., Appellant.

Hankins & Hankins and Olin F. Nuckolls for Appellant.

C. W. Croop for Respondent.

SEAWELL, J.—This action was commenced to recover an alleged balance due, together with interest thereon, on account of a lot of hay purchased on January 12, 1925, by appellant from respondent corporation. Appellant, Haarer Elden Goss, doing business under the name of Chas. E. Goss & Son, with offices in the city and county of San Francisco, was at the time the contract in suit was made and for some years prior thereto had been engaged in the business of buying and selling hay in large quantities upon the open market.

On January 12, 1925, appellant addressed the respondent as follows:

"This will confirm our purchase from you today of all the Wild Oat and Alfalfa Hay 1924 crop belonging to you, now stored in the Merced Elevator . . . Company's warehouse at Merced and which you showed to our buyer, Mr. Bull, estimated at about five hundred (500) tons, at $20.00 per ton f. o. b. cars Merced, in good order. Shipment buyer's order within 60 days.

"H. Goss,
"E. S. M.

"Railroad weights to govern. Payment to be made promptly upon receipt of invoices. Kindly sign the duplicate copy as your acceptance and return to us.

"Yours very truly,
"Chas. E. Goss & Son,
"H. Goss."

The duplicate copy was signed and marked "Accepted" by E. S. Murchie, who was the assistant manager of respondent, in accordance with the request of appellant. The total amount of hay delivered under the contract was 999,979 pounds, representing in money $9,999.79. The office manager presented the ledger of accounts receivable at the trial,

which showed that deliveries of hay commenced January 27th and continued until all the hay was removed. On March 12, 1925, the total amount agreed upon by the parties as the purchase price of said hay became due, and under the terms of the agreement all the hay should have been removed from the warehouse not later than that day. The only payment on account of said transaction prior to March 12th was the sum of $2,526.40, which payment was made February 14, 1925. The amount due and unpaid on March 12, 1925, was thus reduced to $7,473.39. The complainant, however, alleged that the amount due and unpaid on March 12th was $7,398.51, and the court's finding that all of the allegations of the amended complaint were true by reference adopted that sum as the unpaid balance due on March 12th. The balance alleged and found to be due being $74.88 less than the amount actually due as shown by the evidence, and the difference being in appellant's favor, the latter has no ground of complaint by reason of said inaccuracy. Other amounts were paid on account, which, according to the averments of the amended complaint, reduced the indebtedness on the day the amended complaint was verified, to wit, September 19, 1925, to $4,692.06, plus interest on certain overdue amounts calculated from March 12th to the day of payment, in case payments were made on account of the transaction. The day on which all unpaid indebtedness became due, as shown by the evidence and upon which computations of interest were reckoned by respondent, was March 12th. Accepting that day as the starting point, we are unable, in view of the credits allowed appellant by respondent's bookkeeper, E. N. Brown, who furnished the only figures on the subject, to justify the finding that the amount due and owing respondent at the time of the trial was the sum of $4,692.06, or more than the sum of $4,491.33. It is conceded that the purchase price of the hay was $9,999.79. Respondent concedes the following payments were made: February 14th, $2,526.40; April 10th, $323.20; April 16th, overcharge, $21.70; April 16th, $2,383.26; May 28th, credit, $253.91; total, $5,508.46. By the process of subtraction the demand is reduced to the sum of $4,491.33. But, as above mentioned, the allegation of the complaint and the finding of the court were that on March 12th the principal sum due was but $7,398.51, as against the correct amount of $7,473.39, a noncontested difference of $74.88 in appellant's

favor, which would leave $4,416.45 of the principal unpaid at the time suit was filed, upon which sum interest should be computed at the rate of seven per cent per annum from March 12th. Interest on the sums of $323.20 and $2,383.25 from March 12th until paid was properly allowed. The appellant complains that the judgment is excessive and erroneous; that respondent was not entitled to interest on any amount prior to the entry of judgment; that title to the hay did not pass until delivery and acceptance of the hay; that said hay was fraudulently represented to be in good condition, and that the court erred in refusing to grant the defendant a continuance by reason of the absence of a foreign witness, who, it is claimed, had promised the defendant that he would be on hand. No subpoena was issued for nor had any effort been made to take the deposition of said witness.

█ The title to the hay passed to the purchaser under the contract of January 12, 1925. (*Fiddyment* v. *Johnson,* 18 Cal. App. 339 [123 Pac. 342].) Payments were to be made upon each lot as per shipment, all to be performed within the limits of sixty days. █ A large portion of the hay was not removed within the sixty-day limit, nor until some two or three months thereafter. Respondent made several demands during the month of March for payment of the balance due and the removal of the hay from the warehouse. There is evidence in the record to the effect that appellant by its authorized agent expressly agreed to the payment of interest at the legal rate from March 12th if the respondent would forbear in its demand for immediate payment and the removal of the hay. The finding on the question, as well as the conclusion of law which necessarily follows from a consideration of the contract itself, supports the judgment as to the issue of interest.

█ There is no substance in the claim that the contract was vitiated by the false representations that said lot of hay was in good condition when, as a matter of fact, it was foul, in that it contained a large quantity of "fox-tail." Appellant's agent inspected the hay at the warehouse before it was purchased. Moreover, this question is set at rest by appellant's letter to respondent written on March 24th in answer to respondent's demand for payment. Appellant wrote: "We are not complaining of the quality of the hay

as we looked at same buying and that is entirely up to us but we must have an extension on the time of delivery until the end of April, which we believe you will grant us."

The invoices were sent to appellant upon each shipment made. There being no dispute as to the correctness of weights, it will be presumed that no errors were made.

The application made by appellant on the day of trial for a continuance because of the absence of a witness under the circumstances heretofore related did not constitute error, especially in view of the fact that the absent person would have testified only as to the quality of the hay, which would have been at best cumulative testimony on a disputed question of fact. Under the waiver of respondent as to this issue as set forth in the letter last above quoted from, it is very clear that the testimony of said witness would have been unavailing.

It is ordered that the conclusions of law be amended by striking out the sum of $4,692.06, as said sum appears twice in said conclusions of law, and in lieu thereof the sum of $4,416.45 be inserted; that the legal interest thereon be computed in the same manner as it was computed upon said sum of $4,692.06; that the judgment be corrected so as to conform with said change; that the cause be remanded to the superior court of the county of Merced to make the modifications herein directed and as so modified it will constitute the judgment in said cause.

It is so ordered.

Richards, J., Shenk, J., Curtis, J., Langdon, J., Preston, J., and Waste, C. J., concurred.